UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PWS ENVIRONMENTAL INC., a
privately-held Illinois corporation

      Plaintiff,

v.

ALL CLEAR RESTORATION &
REMEDIATION, LLC, BAYFRONT
PLACE CONDOMINIUM
ASSOCIATION, INC., THE
MIRAGE ON THE GULF
CONDOMINIUM, BORGHESE AT
HAMMOCK BAY CONDOMINIUM
ASSOCIATION, INC., VINTAGE
BAY CONDOMINIUM
ASSOCIATION, INC. and 400 LA
PENINSULA CONDOMINIUM
ASSOCIATION, INC.,

      Defendants.

Case No: 2:18-cv-109-FtM-99CM

## ORDER

This matter comes before the Court upon review of Plaintiff's Request for Entry of Default Against Defendant All Clear Restoration and Remediation, LLC ("All Clear") filed on April 10, 2018. Doc. 21. Plaintiff filed Proof and Return of Service forms showing it served Defendant All Clear with a copy of the Summons, the Complaint and the Exhibits attached thereto. Doc. 21-2; *see also* Doc. 14. Plaintiff also filed an affidavit in support of its request. Doc. 21-1. To date, All Clear has not appeared in this action.

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether the plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Limited liability companies may be served upon the company's registered agent, an employee of the registered agent, an officer, a managing or general agent, or "any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(h)(1)(B); Fla. Stat. § 48.062(1). Here, the Proof of Service and Return of Service forms state on March 19, 2018, a process server served the Summons and the Complaint with Exhibits on Brandy Howard, a person designated by law to accept service of process on behalf of All Clear, a limited liability company. Doc. 21-2 at 1-2. Thus, service of process was properly effected under Federal Rule of Civil Procedure 4(h).

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve an answer or otherwise respond to a complaint within 21 days of service of process. Here, All Clear has failed to do so within the time period. Therefore, the entry of

Clerk's Default as to All Clear under Rule 55(a) of the Federal Rules of Civil Procedure and Middle District of Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is

**ORDERED:**

1. Plaintiff's Request for Entry of Default Against Defendant All Clear Restoration and Remediation, LLC (Doc. 21) is **GRANTED**.

2. The Clerk is directed to enter a Clerk's Default against Defendant All Clear Restoration & Remediation, LLC.

**DONE** and **ORDERED** in Fort Myers, Florida on this 11th day of April, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record