UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PWS ENVIRONMENTAL INC.,
a privately-held Illinois
corporation doing business
as Pressure Washing Systems
Marketing,

    Plaintiff,

v.                                         Case No: 2:18-cv-109-UA-CM

ALL CLEAR RESTORATION &
REMEDIATION, LLC, a Florida
limited liability company,
BAYFRONT PLACE CONDOMINIUM
ASSOCIATION, INC., a
Florida not-for-profit
corporation, THE MIRAGE ON
THE GULF CONDOMINIUM, a
Florida not-for-profit
corporation, BORGHESE AT
HAMMOCK BAY CONDOMINIUM
ASSOCIATION, INC., a
Florida not-for-profit
corporation, VINTAGE BAY
CONDOMINIUM ASSOCIATION,
INC., a Florida not-for-
profit corporation, and 400
LA PENINSULA CONDOMINIUM
ASSOCIATION, INC., a
Florida not-for-profit
corporation,

    Defendants.

_____

## **OPINION AND ORDER**

This matter comes before the Court on the condominium defendant's Motion to Dismiss for Failure to State a Claim (Doc. #26) filed on April 23, 2018. Plaintiff filed a Response in

Opposition (Doc. #51) on June 6, 2018. For the reasons set forth below, the Motion is denied.

## I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

## II.

This is a breach of contract case in which plaintiff PWS Environmental, Inc. ("plaintiff" or "PWS") – a pressure washing company - alleges that defendants failed to pay for more than $800,000 of work that plaintiff performed following Hurricane Irma.  On February 16, 2018, plaintiff filed a six-count Complaint (Doc. #1) against All Clear Restoration and Remediation, LLC ("All Clear") (Count I) for breach of express contract, and against the condo associations of each of the five buildings that were pressure washed (the "condo defendants") (Counts II-VI) for breach of implied contract.  The condo defendants move to dismiss Counts II through VI for failure to state a claim.  (Doc. #24.)

The Amended Complaint alleges as follows: On September 16, 2017, All Clear contacted PWS to provide pressure washing services to several properties in the wake of Hurricane Irma.  (Doc. #1, ¶ 23.)  PWS had already been performing services in Texas as part

of the Hurricane Harvey clean up (Id., ¶ 24), but "was induced not to accept further jobs in Texas and move their equipment to Florida" because of the business opportunity presented by All Clear. (Id., ¶ 25.)

On September 18, 2017, PWS emailed a "proposal" (Doc. #1-1) to All Clear to provide services to 14 residential properties, including the condo defendants' properties. (Doc. #1, ¶ 26; Doc. #1-1.) In its email, PWS invited All Clear to sign and return the proposal or "acknowledge acceptance by email." (Doc. #1-2.) The same day, Jay Lozecki, acting as an agent of All Clear, provided written acceptance via email, stating: "Thanks. I am fine with attachment. Please proceed." (Id.; Doc. #1, ¶ 27.) PWS alleges that, at all times relevant, All Clear was acting as an agent of each of the condo defendants. (Doc. #1, ¶ 28.) The terms and conditions within the agreement provided for a 1.5% per month interest penalty on unpaid invoices (Id., ¶ 31), and a $15,000 per property cancellation penalty. (Id., ¶ 32.)

PWS began pressure washing the condominiums in September and October of 2017. All invoices were sent to All Clear, who has not paid any amount to PWS for its services rendered to date; therefore, PWS is seeking damages for the work performed under the terms and conditions of the contract. (Doc. #1, ¶ 64.) In addition, PWS asserts claims against each of the condo defendants for breach of implied contract, seeking damages proportional to

the work performed, mobilization and demobilization, and accrued interest from past due invoices.

The condo defendants' Motion to Dismiss (Doc. #26) and supporting Memorandum of Law (Doc. #27) argue that dismissal for failure to state a claim is warranted because the existence of an express contract precludes recovery for implied contract and because plaintiff fails to adequately allege the elements of breach of implied contract. PWS responds that the Complaint adequately asserts alternative claims for breach of express and implied contract, conceding that it may only recover in implied contract if the express contract claim fails. (Doc. #51, pp. 5-6.)

**III.**

A claim for breach of a contract implied in law is also known as "unjust enrichment." Della Ratta v. Della Ratta, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2008). "In Florida, a claim for unjust enrichment is an equitable claim based on a legal fiction which implies a contract as a matter of law even though the parties to such an implied contract never indicated by deed or word that an agreement existed between them." 14th & Heinberg, LLC v. Terhaar & Cronley Gen. Contractors, Inc., 43 So. 3d 877, 880 (Fla. 1st DCA 2010). "Unjust enrichment cannot apply where an express contract exists which allows the recovery." Atlantis Estate Acquisitions, Inc. v. DePierro, 125 So. 3d 889, 893 (Fla. 4th DCA 2013); Fulton v. Brancato, 189 So. 3d 967 (Fla. 4th DCA 2016). A claim of unjust

- 5 -

enrichment requires PWS to show by at least a preponderance of the evidence that: (1) PWS conferred a direct benefit on the condo defendants, (2) the condo defendants had knowledge of the benefit, (3) the condo defendants accepted or retained the conferred benefit, and (4) the benefit was conferred under circumstances which make it inequitable for the condo defendants to retain the benefit without paying its fair value. Resnick v. AvMed, Inc., 693 F.3d 1317, 1328 (11th Cir. 2012); CMH Homes, Inc. v. LSFC Co., LLC, 118 So. 3d 964, 965 (Fla. 1st DCA 2013); Malamud v. Syprett, 117 So. 3d 434, 437 (Fla. 2d DCA 2013). Unjust enrichment "acknowledges an obligation which is imposed by law regardless of the intent of the parties." Circle Fin. Co. v. Peacock, 399 So. 2d 81, 84 (Fla. 1st DCA 1981) (citation omitted). A plaintiff must directly confer the benefit upon defendant. Peoples Nat'l Bank of Commerce v. First Union Nat'l Bank of Fla., 667 So. 2d 876, 879 (Fla. 3d DCA 1996).

Here, although there is no express contract between All Clear and the condo defendants, a claim of unjust enrichment may be presented as an alternative count to the express contract claim against All Clear. See Fed. R. Civ. P. 8(d)(2) and (3). As a breach of contract claim and an unjust enrichment claim are alternative claims, the latter may not be barred until an express enforceable contract between the parties is established. See

Williams v. Bear Stearns & Co., 725 So. 2d 397, 400 (Fla. 5th DCA 1998).

Furthermore, PWS has plausibly alleged the elements of an unjust enrichment claim in order to avoid dismissal. PWS alleges that it directly conferred the benefit of its pressure washing services on each of the condominiums. (Doc. #1, ¶¶ 34-50.) PWS serviced each of the condominiums for multiple days at a time, while regularly communicating with the condo defendants' agent, All Clear, about the progress. (Id.) Plaintiff does not specifically allege that the condo defendants had knowledge of the benefit, but plaintiff does state that All Clear, as the condo defendants' agent, had knowledge of the benefit. (Id.) In Florida, an agent may bind his or her principal based on real or actual authority. Hobbs Constr. & Dev., Inc. v. Colonial Concrete Co., 461 So. 2d 255, 259 (Fla. 1st DCA 1984). The Court accepts at this stage in the proceedings the allegations that the condo defendants had knowledge of the benefit through its agent[1], as well as a reasonable inference that the condo defendants could have had personal knowledge based on the allegations that the pressure washing often went on for days at each property. See Iqbal, 556

---

[1] The questions of whether an agency relationship exists, and its scope, are generally reserved for the fact-finder. See Kobold v. Aetna U.S. Healthcare, Inc., 258 F. Supp. 2d 1317, 1323 (M.D. Fla. 2003) (citing Wood v. Holiday Inns, Inc., 508 F.2d 167, 173 (5th Cir. 1975)).

U.S. at 678. Finally, the condo defendants, by the very nature of the services conferred upon them, retained the pressure washing benefits. These circumstances could result in inequity if the condominiums were able to retain these benefits without conferring just compensation upon PWS. "The most significant requirement for a recovery on quasi contract is that the enrichment to the defendant be unjust." <u>Commerce P'ship 8098 Ltd. P'ship v. Equity Contracting Co.</u>, 695 So. 2d 383, 388 (Fla. 4th DCA 1997) (en banc).

For the foregoing reasons, the condo defendants' Motion to Dismiss is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendants' Motion to Dismiss for Failure to State a Claim (Doc. #26) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this __27th__ day of June, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record