UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PWS ENVIRONMENTAL INC., a
privately-held Illinois corporation

      Plaintiff,

v.                                      Case No: 2:18-cv-109-FtM-PAM-CM

BORGHESE AT HAMMOCK BAY
CONDOMINIUM ASSOCIATION,
INC.,

      Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Motion to Strike Defendant's Untimely and Improper Expert Disclosures filed on October 19, 2018. Doc. 84. Defendant has not filed a response in opposition, and the time for doing so has passed. For the reasons stated below, the motion is denied as moot.

On February 16, 2018, Plaintiff filed this case against six Defendants including Defendant Borghese at Hammock Bay Condominium Association, Inc. ("Borghese"), alleging separate claims for breach of contract against each individual Defendant. *See generally* Doc. 1. In summary, the Complaint alleges that following Hurricane Irma, All Clear Restoration & Remediation, LLC ("All Clear") contacted Plaintiff to provide services for fourteen residential properties in Naples and Marco Island. *Id.* ¶¶ 23-24. The agreement provided Plaintiff would assist All Clear by performing pressure washing services on the properties, including Borghese, and Plaintiff alleges All Clear and Borghese (in addition to the other Defendants) failed to pay for the

services upon completion. *See id.* ¶¶ 34-43. Each of the original Defendants, except Borghese, previously settled their claims with Plaintiff and are no longer parties to the case. *See* Docs. 66, 67, 76, 77. The sole remaining viable cause of action in the Complaint alleges that Borghese breached an implied contract with Plaintiff by failing to pay $241,532.21 for pressure washing services and $16,317.22 for associated costs. *Id.* ¶¶ 77-82.

On June 13, 2018, the Court entered a Case Management and Scheduling Order ("CMSO") setting the deadline for disclosure of expert reports for both parties for September 14, 2018; the discovery deadline for October 15, 2018; the dispositive motions deadline for November 15, 2018; and a trial term beginning April 1, 2019. Doc. 59 at 1-2. On September 17, 2018, the Court granted Borghese's Unopposed Motion to Extend the Date of Expert Disclosure, extending Borghese's deadline to disclose its experts to September 24, 2018. Doc. 70 at 1-2. Borghese later filed a notice advising the Court that it served its expert disclosures on September 24, 2018. Doc. 79. Plaintiff filed the present motion, after the discovery deadline passed, requesting that the Court strike Borghese's expert disclosures as inadequate and untimely because Borghese failed to include sufficient information, including the required written expert reports, by the extended deadline. Doc. 84 at 1. Plaintiff attached Borghese's expert disclosures to the motion, which disclosed two experts:

1. Representative of Venture Construction Group of Florida, Inc.
   1100 5th Avenue S, Suite 201, Naples, FL 34102
   (866) 459-8351
   Testimony will be as to the fair value and/or necessity of power washing services at Defendant's property following Hurricane Irma, based on personal observation and experience.

> 2. Bart Drake
>    Alpha Omega Inspections
>    960 Chalmer Drive, #101, Marco Island, FL 34145
>    (239) 394-6210
>    Mr. Drake is a Certified General Contractor who will testify as to the lack of necessity for power washing services to Defendant's property following Hurricane Irma.

Doc. 84-1 at 2. In the motion, Plaintiff states it sent a letter to Borghese's counsel requesting copies of the required expert reports by October 1, 2018, but Borghese never responded. Doc. 84 at 3. Thus, Plaintiff filed the motion requesting the Court strike the expert disclosures of "Representative of Venture" and Bart Drake. *Id.* at 1. As noted, Borghese did not file a response to the motion.

On November 1, 2018, this case was reassigned to the visiting judge, the Honorable Paul A. Magnuson, Senior United States District Judge for the District of Minnesota. Doc. 87 at 1. On November 15, 2018, the date of the dispositive motions deadline, Plaintiff filed an Opposed *Daubert* Motion for Exclusion of Expert Testimony of Defendant's Expert Witness Stephen Shanton and Motion to Strike His Expert Report ("*Daubert* motion"). Doc. 88. In the *Daubert* motion, Plaintiff requests that the Court exclude the expert testimony of Stephen Shanton and strike his expert report as untimely. *Id.* at 1. Plaintiff explains that on November 12, 2018, its counsel conferred with Borghese's counsel to ask whether Borghese would agree to voluntarily withdraw its experts. *Id.* at 2. In response, on November 13, 2018, Borghese served Plaintiff with its amended expert disclosures. *See* Doc. 90 at 2; Doc. 91 at 2. In the amended expert disclosures, Borghese withdrew Bart Drake

as a proposed expert and for the first time identified Stephen Shanton as a proposed expert and included his expert report. Doc. 88 at 2; Doc. 91 at 2.

The *Daubert* motion requests that the Court exclude Mr. Shanton's testimony based on the *Daubert* factors and also requests that Mr. Shanton's testimony and report be "stricken on the basis of its untimely and inadequate disclosure" under Rule 26 of the Federal Rules of Civil Procedure. *Id.* at 9. Plaintiff asserts that because Borghese disclosed Mr. Shanton's identity and opinions in amended expert disclosures on November 13, 2018, when the extended expert disclosures deadline passed on September 24, 2018, Mr. Shanton's expert testimony and report should be stricken. *Id.* On December 10, 2018, Judge Magnuson set the *Daubert* motion for a hearing on January 9, 2019 at the federal courthouse in Fort Myers, Florida, with a final pretrial conference to follow the motion hearing. Doc. 93.

Thus, the original expert disclosure Borghese served on September 24, 2018, listing "Representative of Venture" and Bart Drake as Borghese's experts are replaced by the amended expert disclosure served on November 13, 2018, listing Stephen Shanton as Borghese's sole expert witness. *See* Doc. 84 at 2; Doc. 88 at 2. Further, Plaintiff is requesting that the amended expert disclosure of Mr. Shanton, including the expert report, be stricken in the motion pending before Judge Magnuson and set for hearing on January 9, 2019. *See* Docs. 88, 93. Accordingly, the motion to strike the original disclosures will be denied as moot.

ACCORDINGLY, it is

**ORDERED:**

Plaintiff's Motion to Strike Defendant's Untimely and Improper Expert Disclosures (Doc. 84) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 12th day of December, 2018.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record